**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LLOYD WAYNE OLIVER, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-12-2568 |
| § | |
| § | |
| LANE LEWIS, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Lloyd Wayne Oliver is running for Harris County District Attorney. He won the May 29, 2012 Democratic Party primary election for that position and intends to run in the November general election as the Democratic Party's candidate. Officials of the Harris County Democratic Party have notified Oliver that they will not place his name on the general-election ballot as the Party's nominee on the basis that public statements he made, including praising his primary opponent as well as the incumbent (Republican) district attorney, violated Texas Democratic Party rules. The Democratic Party does not intend to offer any nominee for the office of District Attorney in the general election.

On August 24, 2012, Oliver and two individuals who voted in the Democratic Party primary in Harris County filed suit in state court against several Texas state public officials and Democratic Party officers, seeking a declaratory judgment that the Party's rules did not support this action. Oliver also seeks an injunction under the Texas Election Code requiring his name to be placed on the general-election ballot as the Democratic Party's nominee. Oliver alleges that he will be harmed absent such relief because he will be off the ballot and unable to campaign or raise funds. The two individual-voter plaintiffs, who asserted that they were suing on behalf of all other Democrats who

voted in the Party's May primary, alleged that "[t]hey have been disenfranchised and had their voting rights nullified and supplanted" by the defendants' actions.

On August 26, two of the defendants, Lane Lewis, Chair of the Harris County Democratic Party, and Gilberto Hinojosa, Chair of the Texas Democratic Party, removed this suit to federal court. On August 27, the plaintiffs moved to remand. The only issue addressed in this opinion is whether this case will stay in federal court or remanded to state court.

This court held a hearing on August 28 and counsel argued. Based on a careful review of the pleadings, the notice of removal and motion to remand, the arguments of counsel, and the applicable law, this court grants Oliver's motion to remand to state court. The reasons are explained below.

## I.    Background

On May 29, 2012, Harris County District Attorney candidate Lloyd Wayne Oliver prevailed in the Democratic Party primary election for Harris County District Attorney. His victory was short-lived. On August 10 and 22, 2012, Oliver received two letters from the Harris County Democratic Chairman, stating that Oliver had violated Democratic Party rules by making favorable public statements about Republican Party officials and candidates. The letters told Oliver that the Democratic Party would remove his name from the general election ballot and would not field a candidate for District Attorney in the general election.

On August 24, Oliver and two Democratic Party primary voters, David B. Wilson and Woody S. Monica, Jr., filed suit in Texas state court against Lewis and Hinojosa. The plaintiffs also sued Stan Stanart, the Harris County Clerk; Ed Emmett, the Harris County Judge; and Hope Andrade, the Texas Secretary of State. (Docket Entry No. 2, Ex. 1). The plaintiffs allege that the

2

defendants acted improperly by removing, or permitting the removal of, Oliver's name from the general-election ballot as the Democratic Party's District Attorney nominee and by failing to follow § 145.039[1] of the TEX. ELEC. CODE as well as internal Texas Democratic Party rules. (*Id*. at 5). David B. Wilson and Woody S. Monica, the individual voter plaintiffs, also claim that they were "disenfranchised" by the defendants' actions, which "nullified" their voting rights. (*Id*.). The plaintiffs seek declaratory and injunctive relief under § 273.081 of the Texas Election Code, which states that "[a] person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring." TEX. ELEC. CODE § 273.018.[2]

The defendants' notice of removal cited 28 U.S.C. §§ 1441, 1443, and 1446(a) and asserted the following grounds for federal-question removal jurisdiction:

>    (1) The plaintiffs' state court petition stated two federal causes of action, a 14th Amendment claim by the individual voters, who alleged in paragraph 6(m) of the petition that they had been "disenfranchised" and "had their voting rights nullified and supplanted by the Defendants," and a substantive due process claim by Oliver, who alleged in paragraph 6(n) that the Texas Election Code did not permit a candidate's name to be removed for violating Party rules if he was not otherwise ineligible (or deceased or had withdrawn his

---

[1] Section 145.039 of the Texas Election Code states that "[i]f a candidate dies or is declared ineligible after the 74th day before election day, the candidate's name shall be placed on the ballot." Section 145.035 of the Code states that "[a] candidate's name shall be omitted from the ballot if the candidate withdraws, dies, or is declared ineligible on or before the 74th day before election day."

[2] Docket No. 2, Ex. 1 at 5 ("The Texas Election Code, Section 145.039, allows a candidate's name to be omitted if they withdraw, die, or are declared ineligible on or before the 74th day before the election. Plaintiff Oliver has not withdrawn nor has he ever been declared ineligible by the State of Texas or the Democratic Party of Texas."));(Docket No. 2, Ex. 1 at 6 ("Pursuant to Section 273.081, of the Texas Election Code, in light of the above described facts, Plaintiff seeks to enjoin defendants and declaratory relief recovery from Defendants.")).

name), and that the defendants' decision to have no candidate for the office "refut[ed] the people's choice." (Docket Entry No. 1 at 2).

(2) The relief the plaintiffs seek would violate the Harris County Democratic Party's First Amendment right to select its nominee for elected office, free of court intervention. (As a result, any state-law claim would raise the constitutionality of a state-law basis for requiring a political party to proceed with a party nominee when it does not wish to do so. (*Id*. at 2-4).

On August 27, the plaintiffs filed an "emergency" motion to remand, asserting that removal was improper because their state-court petition alleged solely state-law claims. (Docket Entry No. 2 at 3). The court held the hearing the following day, after notice was provided to the defendants.

## II.   The Applicable Legal Standard

As the party invoking federal jurisdiction, the removing party has the burden of proof on a motion to remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), *appeal after remand*, 915 F.2d 965 (5th Cir. 1990), *aff'd*, 503 U.S. 131 (1992)); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n.25 (5th Cir. 2000); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). To determine whether federal jurisdiction exists, the court looks to the record in the state court at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Because removal jurisdiction raises significant federalism concerns, *Beiser v. Weyler*, 284 F.3d 665, 672 (5th Cir. 2002), if there is any doubt that a right to removal exists, "ambiguities are

to be construed against removal." *Manguno*, 276 F.3d at 723; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

**III**.   **Did Federal Jurisdiction Exist at the Time of Removal?**

Whether a cause of action presents a federal question depends on the allegations contained in a plaintiff's complaint. *See Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908). As the "master of his complaint," *Elam v. Kansas City So. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011), a plaintiff who has a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, defeating the defendant's opportunity to remove but taking the risk that any federal claims will be precluded. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 & n.7 (1987) (noting that, because the plaintiff is the "master of the claim," "he or she may avoid federal jurisdiction by exclusive reliance on state law") (footnote omitted). But if a plaintiff's pleading presents a federal question, removal is proper.

Federal-question removal jurisdiction is present in this case under 28 U.S.C. § 1331 because the plaintiffs' state-court petition alleges at least one federal claim. The two individual voters allege that the defendants' actions "disenfranchised" them and others who voted in the Democratic Party's May 2012 primary and "nullified" their voting rights. (Docket Entry No. 2, Ex. 1 at 5). This allegation states a claim for a violation of the individual-voter plaintiffs' 14th Amendment rights. Recognizing this, at the August 28 hearing, counsel for plaintiffs nonsuited the individual voters, leaving Oliver as the sole plaintiff.

A plaintiff may not defeat a federal court's jurisdiction over a properly removed case merely by amending the complaint to omit the federal-law claims. *See Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994); *Jones v. Houston Independent School District*, 979 F.2d 1004, 1007

(5th Cir. 1992); *Gossmeyer v. McDonald*, 128 F.3d 481, 487-88 (7th Cir. 1997). "[A] post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, *does not* divest the district court of its properly triggered subject matter jurisdiction." *Hook*, 38 F.3d at 780; *see also Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980). But if a postremoval pleading amendment eliminates the only federal claim and leaves only state-law claims, a court must determine whether to remand those claims under 28 U.S.C. § 1367(c). That statute provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

A federal district court has discretion to remand a properly removed case to state court when all federal-law claims have been eliminated and only pendent state-law claims remain." *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir. 1991). A court considering whether to continue to exercise supplemental jurisdiction over such state-law claims must consider the provisions of § 1367(c) and the factors the Supreme Court outlined in *Cohill*, 484 U.S. at 350–51, and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). *See Smith v. Amedisys Inc.*, 298 F.3d 434, 446 (5th Cir. 2002). Those factors include judicial economy, convenience, fairness, and comity. *Amedisys*, 298 F.3d at 446; *see also Jones v. Adam's Mark Hotel*, 840 F. Supp. 66, 69 (S.D. Tex. 1993). The "general rule" is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are eliminated from a case before trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). When a federal-law claim is "eliminated at an early stage

of the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction." *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Gibbs*, 383 U.S. at 726) (internal quotation marks omitted). In deciding whether to grant a motion to remand, a court should "consider whether the plaintiff has attempted to manipulate the forum" by simply "deleting all federal-law claims from the complaint and requesting that the district court remand the case" and should "guard against [such] forum manipulation." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)*; see also Brown*, 901 F.2d at 1255.

The nonsuit of the individual-voter-plaintiffs' claims raises two questions. The first is whether there was a basis for federal-question removal jurisdiction apart from the individual voters' claim. If not, and if only state-law claims remain, this court must determine whether to remand those claims to the state court for decision.

### III.    Do The Remaining Claims Provide a Basis for Federal-Question Jurisdiction?

Oliver invokes § 273.081 of the Texas Election Code as the basis for the injunction he seeks. Section 273.081 of the Texas Election Code states that "[a] person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring." TEX. ELEC. CODE § 273.018. Oliver argues that the Code does not authorize removing the name of a candidate who has won a party primary from the ballot unless that candidate has died, withdrawn, or become ineligible. He alleges, and seeks a declaratory judgment that, the Democratic Party rules invoked by the defendants as the basis for removing him as the party's nominee do not apply to him or, alternatively, were not violated.

The defendants argue that these state-law claims necessarily raise substantial federal questions because the relief sought would violate the Democratic Party's constitutional right to

7

choose not to field a candidate. The defendants argue that Oliver seeks relief that "would deprive [the Harris County Democratic Party] from the equal protection of laws enjoyed by private political parties that engage in protected political association and protected political speech under the First Amendment." (Docket Entry No. 1 at 2).

To the extent the defendants rely on 28 U.S.C. § 1443, which permits removal of certain civil rights cases, (Id.), removal is not justified.[3] To remove a case under § 1443(1), a defendant must show both that: (1) the right allegedly denied that defendant arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law. *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).[4] Under § 1443(1)'s first requirement, civil rights asserted must "arise under laws phrased specifically in terms of racial equality rather than in general terms of equality for all citizens comprehensively." *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). "Broad first

---

[3] 28 U.S.C. § 1443 provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

    (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

[4] The defendants do not specify whether they rely on § 1443(1) or (2). Because the Democratic Party officers are not, by virtue of their party position, government officials amenable to suit under § 1443(2), the arguments appear to be based on § 1443(1). *See* 28 U.S.C. § 1443(2) (requiring that a showing party asserting jurisdiction is acting "under color of authority derived from any law providing for equal rights"); *see also City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966) (determining that § 1443(2) gives a privilege of removal only to federal officers and agents). *But see Alonzo v. City of Corpus Christi*, 68 F.3d 944, 946 (5th Cir. 1995) ("§ 1443(2) allows state officials to remove civil rights actions against them to federal court when they demonstrate . . . a colorable conflict between state and federal law leading to [their] refusal to follow plaintiff's interpretation of state law because of a good faith belief that to do so would violate federal law.").

amendment or fourteenth amendment claims . . . do not satisfy the test." *Id.*; *see also Denson v. Williams*, 341 F.Supp. 180 (S.D. Tex. 1972) (holding that an equal protection challenge to state laws restricting the right of felons to vote and hold office is not removable under § 1443 because such laws "do not operate as to deprive citizens of constitutional rights because of their race."); *Delavigne v. Delavigne*, 530 F.2d 598, 600-01 (4th Cir. 1976) (holding that only race-related discrimination claims are a basis for removal under § 1443).

The notice of removal alleges only "non-race-related civil rights." *State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982). The defendants alleged that their First Amendment and equal protection rights would be violated if the state law was applied to deprive the Harris County Democratic Party of its right to choose its candidate. *See Charter School of Pine Grove, Inc. v. St. Helena Parish School Bd.*, 417 F.3d 444, 447 (5th Cir. 2005) ("Rules of notice pleading apply with as much vigor to petitions for removal as they do to other pleadings."); 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3733 (3d ed. 1998) (noting that a notice of removal "should be sufficient if the court is provided the facts from which removal jurisdiction can be determined" (emphasis added)).

The defendants also assert as a basis for federal-question jurisdiction its claim that it has a First Amendment right to choose to prevent Oliver from running as the Democratic Party's candidate and to choose to have no candidate for that office in the general election. To the extent this is an anticipated First Amendment defense to Oliver's asserted state-law claims, it does not provide a basis for federal-question jurisdiction. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede

that the federal defense is the only question truly at issue."). The issue is whether deciding Oliver's state-law claims necessarily turns on the constitutionality of any state law that would allow a court to order the Democratic Party to include a name on the general election ballot as the Party's nominee when the Party has declined to do so. (Docket Entry No. 1 at 3-4).

Citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), the defendants assert that federal-question jurisdiction is present as to Oliver's claims because they implicate important federal rights and defenses. (Docket No. 1 at 3). Under *Grable* and its progeny, "[a] federal question exists 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax,* 463 U.S. at 27–28) (alteration in original). Even if a plaintiff does not assert a federal claim in the complaint, there is federal-question jurisdiction if it is clear from the face of the complaint that a federal law that creates a cause of action is an essential component of the plaintiff's state-law claim. *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 814 (1986); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). "[T]he long-settled understanding [is] that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. "In other words, federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh*, 538 F.3d at 338.

In *Grable*, a former landowner filed a state court suit to quiet title against the purchases of land at a tax sale, alleging that the notice the IRS provided was legally inadequate. The Supreme

Court looked exclusively to the plaintiff's claims when it held that "[w]hether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title *claim*." *Grable*, 545 U.S. at 315 (emphasis added); *see also id.* at 313. But the Court also noted that its cases in this area had "sh[ied] away from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." *Id*.

The problem with the defendants' argument on this record is that whether Oliver has valid state-law claims does not "necessarily" depend on how a court resolves the Harris County Democratic Party's First Amendment argument. Oliver's state-law claims necessarily depend on: (1) whether the Texas Election Code provides a basis for an injunction against action that the Code neither authorizes nor forbids — having a political party remove the name of a candidate who has won the party's primary from a ballot when that candidate is alive, has not withdrawn, and has not been declared ineligible to run — and; (2) whether the rules of the Democratic Party apply to Oliver and, if so, whether he violated those rules. The First Amendment issue arises only if the court first determines that state law entitles Oliver to the relief he seeks. (Docket Entry No. 1 at 3-4 ("[I]f there were a state law that provided Plaintiffs a cause of action imposing on [the Democratic Party] the requirement it proceed with a party nominee in race it does not want to present a nominee in and a nominee it has duly rejected under party rules, the principal issue in this case would be the constitutionality of such state law or procedure.")). The court would not have to apply federal law to determine whether Oliver has a right to relief on the state law grounds he invokes. Rather, a court would have to apply federal law only after finding that Oliver had a right to injunctive relief, to determine whether such relief would violate the defendants' federal constitutional rights. The case law is clear that when federal law plays such a role in a case pleaded to raise only state-law claims, there is no federal-question jurisdiction. *See, e.g.*, *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468,

476 (6th Cir. 2008) (holding that remand was justified because the federal issue would "at most raise a defense to this action; it would not [constitute] an essential element of the claim.").

The defendants also briefly argue that Oliver's allegation in paragraph 6(n) of his petition that the Democratic Party rules do not apply to him or have not been violated raises a substantive due process claim under federal law. Such a claim arises when state action both deprives a plaintiff of a constitutionally protected liberty interest and the action is so arbitrary and capricious as to be irrational. *See, e.g., Whing v. Univ. So. Miss.*, 451 F.3d 339, 344 (5th Cir. 2006); Neuwirth *v. Louisiana State Board of Dentistry*, 845 F.3d 553, 558 (5th Cir. 1988). The defendants have not met their burden of showing that Oliver raises such a claim.

The only basis for federal-question jurisdiction in this case in the original petition was the individual voters' claims. The individual voters have been nonsuited. The only claims now in this case are state-law claims. This case was properly removed and this court has federal-question removal jurisdiction even after the individual voter plaintiffs' federal-law claims have been nonsuited and abandoned. The issue is not the propriety of removal but rather the propriety of remand now that the lawsuit involves only state-law claims.

**IV.     Should this Court Remand the Remaining State-Law Claims?**

In *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 357 (1988), the Supreme Court held that district courts have discretion to remand a properly removed case in which the only remaining claims are asserted under state law, over which the federal court has supplemental jurisdiction. In *Enochs v. Lampasas County,* 641 F.3d 155 (5th Cir. 2011), a divided panel of the Fifth Circuit addressed the factors a district court must consider and illustrated how to apply them.

Clarence Enochs filed suit against Lampasas County in Texas state court, alleging violations of 42 U.S.C. §§ 1983 and 1985 and state law. The County timely and properly removed to federal

12

court, then moved to dismiss the § 1985 claim and one state-law claim. Enochs responded by moving to amend to delete all federal-law claims and by separately moving to remand. Both motions were filed on the same day. *Id.* at 157. The district court granted Enochs's motion to delete all federal claims. The court nevertheless denied the motion to remand, though without "re-examin[ing] its jurisdiction over the Texas state law claims[.]" *Id.* at 158. The case, containing only state-law claims, proceeded in the district court, and eventually the court granted summary judgment for the County. *Id.* On appeal, the Fifth Circuit reversed.

The Fifth Circuit first balanced the 28 U.S.C. § 1367(c) statutory factors a court must weigh in determining whether to remand or retain jurisdiction in a suit that no longer has federal claims. The overall balance of the statutory factors is important. *See, e. g.*, *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c); *see also United Mine Works of Am. v. Gibbs*, 383 U.S. 615, 726–27 (1966) (setting forth the common-law precursor to § 1367(c)). *Enochs*, 641 F.3d at 159. The Fifth Circuit concluded that the statutory factors weighed in favor of remand. Under the first factor, the Texas Supreme Court had not provided guidance on one of Enochs's state-law claims and on one of his arguments. The second and third factors clearly weighed in favor of remand because no federal claims remained. The fourth factor weighed in favor of remand, "as the heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction." *Id.*

The Fifth Circuit then examined the common-law factors the Supreme Court listed in *Carnegie–Mellon:* "judicial economy, convenience, fairness, and comity." *Id.* (citing

13

*Carnegie–Mellon*, 484 U.S. at 350). Judicial economy favored remand because "at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the Texas state-law claims (or to any claims)." *Enochs*, 641 F.3d at 159. The district court did not have intimate familiarity with the state-law claims when the case became a purely state-law dispute. *Id.* at 159–60. Two of the state-law claims had not been briefed. *Id.* at 160. Because the case was at such an early stage, on remand "[t]here would be no need for either party to duplicate any research, discovery, briefing, hearings, or other trial preparation work, because very little had been done at that point." *Id.* at 159. The same reasons meant that remand would not unduly inconvenience the parties. *Id.* at 160. Fairness also weighed in favor of remand, because "it was certainly fair to have the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court." *Id.* Finally, comity weighed strongly in favor of remand. "[C]omity demands that the important interests of federalism and comity be respected by federal courts, which are courts of limited jurisdiction and not as well equipped for determinations of state law as are state courts." *Id.* (internal quotation marks omitted).

The Fifth Circuit also addressed forum manipulation. The Fifth Circuit noted that it was "the only issue that arguably favored the retention of jurisdiction[.]" *Id.* The Fifth Circuit explained that Enochs's maneuver—filing a complaint in state court that contained federal and state-law claims, and, after removal, moving to dismiss the federal claims and seeking remand—"is not a particularly egregious form of forum manipulation, if it is manipulation at all." *Id.* (citing *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir. 1999); and *Brown*, 901 F.2d at 1255). "Guarding against improper forum manipulation is only one of the important considerations we examine in determining whether a district court abused its

14

discretion in failing to remand. It is not so serious of a concern that it can become a trump card which overrides all of the other factors we are instructed to balance." *Id.* at 160–61. "Our general rule," the court explained, "is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Id.* at 161 (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)).

In *Enochs*, the appellate court strongly cautioned district courts against exercising jurisdiction over lawsuits involving only supplemental state-law claims: "The courts in this circuit must remain diligent in following the Supreme Court's almost fifty-year-old command that federal courts avoid needless decisions of state law." *Enochs*, 641 F.3d at 163; *see also id.* at 161 ("Indeed, the Supreme Court has for nearly half a century cautioned federal courts to avoid '[n]eedless decisions of state law' such as the decisions the district court made on the merits of Enochs's Texas state law claims." *Enochs*, 641 F.3d at 161 (quoting *Gibbs*, 383 U.S. at 726 (alteration in *Enochs* ))).

Applying *Enochs* to this dispute leads to the conclusion that remand is appropriate. The statutory factors favor remand. The first statutory factor — whether the state-law claims raise novel or complex issues of state law — favors remand. The state-law Election Code claim and the related issue of whether the Harris County Democratic Party rules apply to someone in Oliver's position and, if so, whether he violated those rules and, if so, whether the rules or the Texas Election Code allows the Democratic Party to remove him as its candidate, are state-law issues that do not appear to have been previously addressed or resolved. The first § 1367(c) factor therefore favors remand. The second and third § 1367(c) factors strongly favor remand: all that remains in this case are state-law claims. The fourth factor does not apply. *See Hawkins v. Coleman*, 2011 WL 4954621, at *1, n. 3 (W.D. La. Oct. 17 2011). The applicable § 1367(c) factors support remand.

The *Carnegie–Mellon* factors of judicial economy, convenience, fairness, and comity also support remand. This case was removed to federal court within days after it was filed. This court held a hearing on the remand motion. The individual plaintiffs' federal-law claims were nonsuited before this court analyzed their merits. The merits of Oliver's state-law claims have been briefed, but not thoroughly, and the briefs will be equally applicable in the state court. *Enochs* makes clear that the judicial-economy inquiry largely focuses on the resources the federal court has expended on the case up to the point of remand. *See* 641 F.3d at 159–60. Although the state court will have to act quickly, this court's focus has been on the emergency motion to remand, not on the merits. As *Enochs* emphasizes, it is both "certainly fair" to have the remaining state-law claims heard by a Texas state court, *id.* at 160, and consistent with interests of federalism.

That leaves the issue of forum manipulation. In *Enochs,* a similar tactic of amending the complaint to delete all federal claims and then moving to remand "was not so improper as to override the balance of the statutory and common law factors weighing heavily in favor of remand." *Id.* at 161. Similarly, according to the Fifth Circuit's decision in *Enochs,* Oliver's approach does not constitute such egregious forum manipulation as to offset the overall balance of factors favoring remand.

*Enochs* is binding on this court and leaves little room for exercising discretion to retain jurisdiction when, as here, the only federal law claims are abandoned very early in the litigation and the remaining claims raise novel or unsettled state-law issues. Given the constraints on this court's jurisdiction and the record, the motion to remand is granted.

**V.     Conclusion**

The plaintiff's motion for remand, (Docket Entry No. 2), is granted. This case is remanded to the 133rd Judicial District Court of Harris County, Texas.

SIGNED on August 31, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge